

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00128-CR

**DANIEL LEE FLORES,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2015-531-C1**

## MEMORANDUM OPINION

Daniel Flores appeals from a conviction for the offense of possession of a controlled substance in an amount over one gram but less than four grams. TEX. HEALTH & SAFETY CODE ANN. § 418.115 (West 2010). In his sole issue, Flores complains that the trial court abused its discretion by refusing to include an instruction pursuant to article 38.23 of the Code of Criminal Procedure because there was a contested fact issue relating

to the legal basis for the traffic stop that led to the discovery of the controlled substance. Because we find that the trial court did not err, we affirm the judgment of the trial court.

*Facts*

The arresting officer, a street crimes officer, drove up to a convenience store that was known for drug trafficking at approximately 9:30 p.m. on the night of Flores's arrest. The officer and his partner parked their vehicle and began using their binoculars to watch for illegal transactions. The officer spotted a vehicle that was parked on the south side of the convenience store where there was no lighting and where it was known that drug deals were completed. The driver got out of his vehicle, walked to the south side of the building, and returned to his car where he then sat for approximately ten minutes before driving away. The officer testified that this was behavior consistent with drug transactions.

The officer decided to follow the vehicle because he did not believe that he had probable cause to stop the vehicle at that time. The vehicle, driven by Flores, was traveling in the center lane of a three-lane, one-way street when he swerved over the white lines partially into the right lane and then partially into the left lane. The officer then initiated a traffic stop of Flores's vehicle because he believed that Flores had committed a traffic offense pursuant to Section 545.060 of the Transportation Code or could be under the influence of alcohol. There was also testimony regarding the possibility that Flores had violated a city ordinance against loitering at the convenience

store. The controlled substance at issue in this proceeding was found on Flores's person during a search incident to arrest because he presented an expired and suspended driver's license to the officer and had two outstanding warrants.

Flores did not file a motion to suppress evidence prior to the trial. However, during the trial, Flores testified that when he swerved into the other lanes he believed that there was no traffic nearby and that the diversions into the other lanes were not made unsafely. Flores requested that an instruction be included in the jury charge pursuant to article 38.23 of the Code of Criminal Procedure because he contended that he had raised a contested fact issue regarding whether or not the lane change was made safely pursuant to Section 545.060 of the Transportation Code. The trial court refused to include the instruction in the jury charge. It is this refusal of which Flores complains in his sole issue in this appeal.

*Article 38.23*

Article 38.23 of the Code of Criminal Procedure provides that no evidence obtained by an officer in violation of the laws of Texas or the United States shall be admitted in evidence against an accused on the trial of any criminal case. TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). Further, that article states that where the legal evidence raises this issue, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the law, it shall disregard the evidence obtained. *Id*.

There are three requirements that must be met in order to be entitled to an instruction pursuant to article 38.23: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). "[I]f other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence." *Id*.

*Reasonable Suspicion*

Flores argues that the potential violation of Section 545.060 of the Transportation Code was the only possible lawful reason for the traffic stop because the officer did not testify that he believed that Flores was intoxicated, merely that he might be under the influence of alcohol. Additionally, Flores contends that it was legally impossible for the officer to have reasonable suspicion to believe that he had violated a city ordinance against loitering.

Section 545.060 of the Transportation Code states that on a road divided into two or more clearly marked lanes, a driver "(1) Shall drive as nearly as practical entirely within a single lane; and (2) May not move from the lane unless that movement can be done safely." TEX. TRANSP. CODE ANN. § 545.060 (West 2011). On the day this proceeding was submitted to the jury, a plurality of the Court of Criminal Appeals issued an opinion

that stated that there are two separate ways a violation of Section 545.060 can occur, by failing to drive as nearly as practical in a single lane or by moving from the lane when it is unsafe to do so. *See Leming v. State*, 493 S.W.3d 552, 559-60 (Tex. Crim. App. 2016). It would then follow that there was a lawful basis for the stop that did not include a contested fact issue, because there was no dispute that Flores did not drive in a single lane as nearly as practical. However, it is not necessary for us to determine whether to follow the plurality in *Leming* because the officer clearly had sufficient reasonable suspicion to initiate the traffic stop for driving while intoxicated.

A warrantless detention of the person that amounts to less than a full-blown custodial arrest must be justified by reasonable suspicion under the Fourth Amendment. In *Derichsweiler v. State*, the standard for reasonable suspicion was set forth as follows:

> A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified.

*Derichsweiler v. State*, 348 S.W.3d 906, 914-15 (Tex. Crim. App. 2011) (footnotes, citations, and internal quotation marks omitted).

In *Leming*, after its discussion regarding Section 545.060, the Court of Criminal Appeals further considered whether an officer had reasonable suspicion to stop an

individual based on driving while intoxicated when weaving outside of a lane, similar to what occurred in this case. A majority of the Court of Criminal Appeals stated in that opinion that:

> The question here is whether Gilow had an objectively reasonable basis to suspect the driver of the Jeep to be intoxicated. "A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a). "Intoxicated means . . . not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body[.]" TEX. PENAL CODE ANN. § 49.01(2)(A). The United States Supreme Court has recently acknowledged that observation of "dangerous behaviors" such as weaving back and forth across the roadway and crossing the center line "would justify a traffic stop on suspicion of drunk driving." *Navarette v. California*, 134 S.Ct. 1683, 1690-91, 188 L. Ed. 2d 680 (2014). Moreover, while it is true that such behavior "might also be explained by, for example, a driver responding to an unruly child or other distraction[,]" the Supreme Court has "consistently recognized that reasonable suspicion need not rule out the possibility of innocent conduct." *Id*. at 1691 (internal citations and quotation marks omitted). This Court has said the same. *See Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997) ("[T]he 'as consistent with innocent activity as with criminal activity' construct is no longer a viable test for determining reasonable suspicion."). "It is, after all, only an 'investigative' detention. So long as the intrusion does not exceed the legitimate scope of such a detention and evolve into the greater intrusiveness inherent in an arrest-sans-probable-cause, the Fourth Amendment will tolerate a certain degree of police proaction." *Derichsweiler*, 348 S.W.3d at 916.

*Leming*, 493 S.W.3d at 563. The weaving outside of Flores's lane constituted a sufficient basis for the officer to have reasonable suspicion of driving while intoxicated. Because there was no dispute as to the fact that Flores did weave outside of his lane of traffic more than once, there were facts, not in dispute, to support the lawfulness of the challenged

conduct, and it was not erroneous for the trial court to refuse to include the requested instruction. *See Madden*, 242 S.W.3d at 510. We overrule Flores's sole issue.

*Conclusion*

Having found that the trial court did not err, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 8, 2017
Do not publish
[CR25]

